UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| BRANDON L. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:19-cv-010-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Brandon Taylor is an inmate at the Federal Correctional Institution—Manchester in Manchester, Kentucky. Proceeding without an attorney, McNeil has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. [R. 1] For the reasons that follow, Taylor's petition will be DENIED.

In 2008, a jury convicted Taylor of being a felon in possession of a firearm, a felon in possession of ammunition, an unlawful user of a controlled substance in possession of a firearm, and an unlawful user of a controlled substance in possession of ammunition—all in violation of 18 U.S.C. § 922(g).[1] The district court then sentenced Taylor to a total term of 240 months in prison. Taylor appealed his case, but the United States Court of Appeals for the Seventh Circuit affirmed his convictions and sentences. Taylor then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied that motion and the Seventh Circuit denied Taylor a certificate of appealability. Taylor has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court.

---

[1] This procedural history comes from Taylor's petition, as well as *United States v. Brandon Taylor*, No. 3:07-cr-111-RLM-2 (N.D. Ind. 2007).

The arguments presented in Taylor's habeas petition are less than clear, but Taylor appears to be arguing, first, that he is "actually innocent" of his various 18 U.S.C. § 922(g) convictions and sentence and, second, that he received ineffective assistance of counsel for a variety of reasons. [*See* R. 1] Taylor claims his defense counsel failed to explain, among other things, the preponderance of the evidence standard the Court would use during his sentencing proceeding; Taylor also claims his defense counsel should have pursued a claim for "vindictive prosecution" on his behalf. [*Id.*] Pursuant to 28 U.S.C. § 2243, Taylor's petition is now before the Court for a preliminary screening.

Upon the Court's initial screening, a section 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to section 2241 petitions pursuant to Rule 1(b)). The Court evaluates Taylor's petition under a more lenient standard because he is proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite the lenient construction afforded to Taylor's petition, Taylor is not entitled to the relief he seeks. As an initial matter, Taylor challenges the legality of his conviction and sentence in his habeas petition. While a federal prisoner may challenge the legality of his convictions and sentence in a 28 U.S.C. § 2255 motion before the sentencing court, he generally may not do so in a section 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A section 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing

2

sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). But Taylor's petition challenges the underlying sentence he actually received, not the manner in which his sentence is being executed.

Limited exceptions do exist under which a federal prisoner may challenge the validity of a conviction or sentence in a section 2241 proceeding. The Sixth Circuit Court of Appeals has explained that a prisoner can challenge the validity of his sentence by way of section 2241 if he can demonstrate first that the section 2255 remedy is inadequate or ineffective, and then that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, Taylor's petition fails to articulate why one of these limited exceptions applies to his case.

Although Taylor's petition mentions in passing various cases, the petition does not clearly rely on any particular case that represents a change in statutory law that retroactively applies to Taylor's situation. The petition purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016), which limited the use of the modified categorical approach to determine whether a prior offense qualifies as a violent felony under the Armed Career Criminal Act. But despite the petition's emphasis on *Mathis* [*see* R. 1 at 10 (presenting argument "In Light of Mathis")], Taylor does not explain which (if any) of his prior offenses he feels are no longer ACCA predicates under *Mathis*, and why. And the petition also relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *See Apprendi*, 530 U.S. at 490. However, the Sixth Circuit has plainly stated that a challenge to a sentence based on *Apprendi* cannot be the

3

basis for an actual innocence claim such that the section 2255(e) savings clause applies. *See, e.g.*, *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

In the end, Taylor's petition simply fails to direct the Court to any intervening and retroactive interpretations of statutory law that apply to his case, not to mention the other requirements set forth in *Wooten v. Cauley* that must be satisfied before the savings clause is triggered. *See* 677 F.3d at 307-08. Instead, the petition attempts to litigate arguments that Taylor needed to make on direct appeal or in a section 2255 petition. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014).

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED as follows:**

1. Brandon Taylor's **Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241** [**R. 1**] is **DENIED**;

2. This matter is **STRICKEN** from the Court's active docket; and

3. Judgment in favor of the Respondent shall be entered contemporaneously herewith.

This the 27th day of February, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY